UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDDIE PERKINS,

                    Petitioner,

v.                                    CASE NO.: 05-CV-72891-DT
                                    HONORABLE PATRICK J. DUGGAN

MILLICENT WARREN,

                    Respondent.

_____/

## ORDER GRANTING IN PART AND DENYING IN PART
## A CERTIFICATE OF APPEALABILITY

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan on March 6, 2008.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
                   U.S. DISTRICT COURT JUDGE

Petitioner Eddie Perkins filed a petition for a writ of habeas corpus pursuant to 28

U.S.C. § 2254. On February 14, 2008, this Court issued an opinion and order denying

Petitioner relief. Petitioner filed a notice of appeal on February 25, 2008. The Court

must treat the notice of appeal as an application for a certificate of appealability. *Slack v.*

*McDaniel*, 529 U.S. 473, 483, 120 S. Ct. 1595, 1603 (2000).

28 U.S.C. § 2253 provides that a certificate of appealability ("COA") may issue

only if a petitioner makes a substantial showing of the denial of a constitutional right. 28

U.S.C. § 2253(c)(2). As the Supreme Court has stated:

      "[T]he petitioner need not show that he should prevail on the

> merits. He has already failed in that endeavor. Rather, he
> must demonstrate that the issues are debatable among jurists
> of reason; that a court <u>could</u> resolve the issues [in a different
> manner] or that the questions are 'adequate to deserve
> encouragement to proceed further.'"

*Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 3394 n.4 (1983) (quoting

*Gordon v. Willis*, 516 F. Supp. 911, 913 (N.D. Ga. 1980)). As the Supreme Court more

recently stated, when a district court denies a habeas petition on the merits of the claims, a

certificate may issue if the petitioner demonstrates that reasonable jurists would find the

district court's assessment of the constitutional claims debatable or wrong. *Slack v.*

*McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604 (2000). However, when a district

court denies habeas relief on procedural grounds without reaching the petitioner's

constitutional claims, a certificate may issue only if the petitioner shows that jurists of

reason would find it debatable whether (1) the petition states a valid claim of a denial of a

constitutional right; *and* (2) the district court was correct in its procedural ruling. *Id*. at

484-85, 120 S. Ct. at 1604.

Petitioner raised the following grounds in support of his application for habeas

relief:

> I.    Petitioner was denied his state and federal
>       constitutional rights to confrontation and fair
>       trial where the nontestifying co-defendant's
>       redacted statement was admitted as substantive
>       evidence against Petitioner without an adequate
>       indicia of reliability.
>
> II.   The prosecutor's misconduct throughout the
>       trial violated Petitioner's right to due process of

law and a fair trial as guaranteed by both the federal and state constitutions.

III.    Petitioner was denied the right to present a defense and a fair trial where the appointment of an independent DNA expert was made during the trial and the expert was not able to retest the DNA material but only review the results of the Detroit police crime laboratory while allowing the prosecution as much time as needed to prepare their DNA report and file it after the jury trial had commenced in violation of Petitioner's right to due process.

IV.    Petitioner was denied a fair trial where the trial court failed to exclude DNA evidence where the prosecution did not comply with the discovery order in violation of due process of law.

V.    Petitioner was denied his constitutional right to effective assistance of counsel, therefore he is entitled to a new trial and/or evidentiary hearing.

       A.    Defense counsel's failure to object to the admission of the non-testifying co-defendant's statement to police as substantive evidence constitutes ineffective assistance of counsel.

       B.    Defense counsel's failure to object to irrelevant and prejudicial DNA evidence denied Petitioner of his right to effective assistance of counsel.

       C.    Petitioner was denied effective assistance of counsel where trial counsel failed to properly investigate and advance the

defense of misidentification.

    VI.    The trial court's erroneous jury instructions deprived Petitioner of his due process right to a properly instructed jury and a fair trial guaranteed by both the state and federal constitutions.

    VII.    Petitioner was denied his right to a fair and impartial jury where the court recessed the trial for over a week to accommodate a planned vacation.

    VIII.    There was insufficient evidence as a matter of law to support Petitioner's conviction of premeditated murder in the first degree.

    IX.    The cumulative effect of the foregoing errors denied Petitioner of a fair trial in violation of due process of law requiring reversal.

This Court rejected Petitioner's II, VI, and VII claims on procedural grounds, concluding that the claims were procedurally defaulted by Petitioner's failure to object to the alleged errors at trial. Reasonable jurists would not find this procedural ruling incorrect. Petitioner therefore is not entitled to a COA with respect to those claims.

The Court rejected Petitioner's remaining claims on the merits. With respect to claim IV, reasonable jurists would not find the Court's assessment of the claim debatable or wrong because the claim is not cognizable on habeas review. The Court believes, however, that reasonable jurists could disagree with its resolution of the constitutional issues raised in claims I, III, V, and VIII. Thus the Court grants a COA with respect to those claims. As Petitioner's IX claim is premised on the cumulative effect of the errors

raised in the preceding claims, a COA will issue as to that claim as well.

Finally, as Petitioner was permitted to proceed *in forma pauperis* in the District

Court, he may proceed *in forma pauperis* on appeal. *See* Fed. R. App. P. 24(a)(3).

**SO ORDERED**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Eddie Perkins, #366880
Thumb Correctional Facility
3225 John Conley Drive
Lapeer, MI 48446

Brad H. Beaver, Esq.